# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kirsten Ann Sadler,

        Plaintiff(s),

vs.

Martin O'Malley,

        Defendant(s).

2:24-cv-01096-MDC

Order

Before the Court are plaintiff Kirsten Ann Sadler's *Motion/Application To Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). This is a social security appeal and plaintiff is represented by counsel. The Court denies plaintiff's IFP application and orders her to file a new long-form IFP. The Court defers addressing the Complaint until plaintiff either pays the filing fee or the Court approves plaintiff's long-form IFP.

    **I.**    **Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff's IFP application is deficient and inconsistent. Plaintiff asserts in her IFP application that she is currently unemployed. ECF No. 1 at 1-2. From her IFP it is unclear whether plaintiff meant to assert that she made an average of $14,800 a month or if she made a *total* of $14,800 in the last year. *Id.* at 1. Plaintiff indicated that she received $8,000 as a loan from her son and $6,800 in "accident settlement." *Id.* at 1-2. However, it is unclear whether plaintiff received each payment monthly or if they

were a one-time payment. Plaintiff stated that she is expected to make $0 in the next month and that she has no cash or assets to her name. *Id.* at 1-3. However, plaintiff also stated that her monthly expenses are $1,800. *Id.* at 4-5. It is unclear how plaintiff maintains the monthly expenses when she makes no income and has no cash or assets to her name.

The Court will give plaintiff a chance to cure her deficiencies and inconsistencies. Plaintiff must submit a new long-form IFP addressing the Court's concerns. Plaintiff must answer every question and cannot leave any question blank. Plaintiff's answers must also contain an explanation. For example, plaintiff must explain whether she meant she made an average of $14,800 per month in the last year or if she meant that she made *total* of $14,800 in the last year. Plaintiff must also explain how she is able to keep up with her monthly expenses given that she has no income and no cash or assets to her name. Plaintiff should also clarify whether the "accident settlement" was a lump sum or whether she receives the amount on a set schedule.

ACCORDINGLY,

IT IS ORDERED:

1. Plaintiff's *Motion/Application To Proceed In Forma Pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE.
2. Plaintiff must file a new long-form IFP or pay the filing fee by **Thursday, July 25, 2024**. Failure to timely comply with the order may result in the case being dismissed.

DATED this 21st day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge