# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kirsten Ann Sadler,

                Plaintiff(s),

vs.

Martin O'Malley,

                Defendant(s).

**2:24-cv-01096-MDC**

**ORDER GRANTING IFP AND SCREENING ORDER**

Before the Court are plaintiff Kirsten Ann Sadler's *Motion/Application To Proceed In Forma Pauperis* ("IFP") (ECF No. 7) and Complaint (ECF No. 1-1). This is a social security appeal and plaintiff is represented by counsel. The Court GRANTS plaintiff's IFP application and allows her to proceed with her Complaint.

## I.      Whether Plaintiff May Proceed In Forma Pauperis

The Court previously denied plaintiff's IFP application because it found some deficiencies and inconsistencies within the application. *See* ECF No. 5. Plaintiff maintains that she received $8,000 in loan from her son and has now clarified that the $6,800 settlement payment was a lump sum payment. ECF No. 7 at 1-2. Plaintiff states that she makes no other income, has no money in her checking and/or savings account, and has no assets. *Id.* at 2-4. Plaintiff reports that her monthly expenses are around $1,800. *Id.* at 5. Plaintiff has also stated that she is "living off the last of [her] settlement, which is under $2,700." *Id.* at 5. Plaintiff further states that the money will "pay this month [*sic*] expenses" but hopes to get another loan from [her] son to help with the following months." *Id.* at 5. Given the lack of funds and uncertainty in future income, plaintiff has sufficiently shown that she is unable to pay the filing fee, therefore her IFP application is GRANTED.

//

//

//

## II.    Whether Plaintiff's Complaint States A Plausible Claim

### a.    Legal Standard

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### b.    Complaint

Plaintiff's Complaint arises from an unfavorable decision by the Commissioner of Social Security Administration. ECF No. 1-1. Plaintiff asserts that she is disabled as that term is defined in the Social Security Act, and that she filed an application for disability insurance benefits. *Id*. The Commissioner denied the application both upon initial review and reconsideration. *Id*. Plaintiff participated in a hearing before the ALJ, and the ALJ issued a decision also denying plaintiff's claim for benefits. *Id*. The Appeals Counsel denied plaintiff's request for a review of the ALJ's decision, making the Commissioner's decision final. *Id*. Plaintiff has appealed the decision of the Commissioner to this

Court, and requests that this court reverse that decision, or in the alternative remand this matter for a new hearing. *Id*.

Plaintiff may appeal to this court the Commissioner's denial of her application for Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433. This Court has jurisdiction over the matter. *Id*. Construing plaintiff's allegations in the light most favorable to plaintiff, the court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039.

ACCORDINGLY,

**IT IS ORDERED:**

1. Plaintiff's *Motion/Application To Proceed In Forma Pauperis* (ECF No. 7) is GRANTED. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.

2. The Clerk of the Court is directed to file the complaint (ECF No. 1-1). The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

DATED this 29th day of July 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge